UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

FILED

2025 DEC 22  AM 10: 40

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                DEPUTY

**JANET MARIE LOGAN, Plaintiff**

v.

Civil Action No. 1:25 CV 02107 ADA

**TEXAS EDUCATION AGENCY, Defendant.**

PLAINTIFF'S COMPLAINT

## I. JURISDICTION AND VENUE

1.    This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

2.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), and 42 U.S.C. § 2000e-5(f)(3).

3.    Venue is proper in this Court because Defendant's principal offices and decision-making authority are located in Travis County, Texas, and the unlawful employment practices occurred in this District.

4.    Plaintiff timely filed this action within ninety (90) days of receipt of a Notice of Right-to-Sue from the EEOC.

## II. PARTIES

5. Plaintiff is an African American woman over the age of forty (40).

6. Defendant Texas Education Agency ("TEA") is a Texas state agency and an employer within the meaning of Title VII, the Equal Pay Act, and the ADEA.

## III. FACTUAL ALLEGATIONS

### A. Employment and Classification Structure

7. Plaintiff was hired by Defendant in 2022 as a Budget Analyst V ("BAV"), Job Code 1159.

8. Defendant utilizes a standardized classification and pay-band system in which compensation is determined by job classification.

9. Account assignments do not alter job classification or pay eligibility.

10. Defendant's Chief of Staff confirmed compensation is classification-based and program staff attested to Plaintiff's competence.

## B. Unequal Pay Based on Classification

11. Plaintiff was paid below the appropriate pay range for Budget Analyst V.

12. Non-Black Budget Analyst IV employees were hired at higher rates of pay than Plaintiff.

13. After Plaintiff complained, Defendant raised her pay only to the BAIV level.

14. Plaintiff remained underpaid compared to similarly situated employees.

15. The pay disparities were not based on any lawful factor.

## C. Failure to Promote / Selection Disparities

16. Plaintiff applied for and interviewed for multiple BAIV positions.

17. Plaintiff was qualified but not selected.

18. Defendant selected non-Black candidates instead.

19. Defendant offered no legitimate explanation.

## D. Pre-Selection, Comparator Pay Disparities, and Management Awareness

20. Plaintiff did not apply for a BAV position because it was understood to be pre-selected.

21. Plaintiff's concerns were elevated to the Commissioner and dismissed.

22. The Chief of Staff stated the selected employee's pay progression was extremely unusual.

23. The employee's salary increased from approximately $78,000 to $91,000 in under one year.

24. Defendant acknowledged the employee received training from the prior incumbent.

25. Plaintiff was denied comparable advancement.

## E. ESSER-Related Pretext and Continuation of Duties

26. Plaintiff's position was funded through the federal Elementary and Secondary School Emergency Relief ("ESSER") program from 2022 through 2024; however, Plaintiff's job classification as a Budget Analyst V did not change, and ESSER funding did not alter the nature, scope, or level of Plaintiff's duties.

27. Defendant treated Plaintiff's ESSER funding status as a justification for denying equitable compensation, advancement, and retention, despite the fact that ESSER funding did not govern classification, pay eligibility, or job responsibilities under Defendant's own compensation and classification system.

28. Other ESSER-funded positions within Defendant agency were retained for longer periods, including positions held by non-Black employees, demonstrating that ESSER funding expiration was not uniformly applied and was not the true reason for Plaintiff's separation.

29. Following Plaintiff's departure, Plaintiff's ESSER-related duties continued to be performed and redistributed, confirming that the work itself remained necessary and ongoing and undermining Defendant's assertion that the position ceased to exist.

30. Defendant's reliance on ESSER funding as a basis for disparate treatment was therefore pretextual, selectively invoked only after Plaintiff raised concerns regarding unequal pay and discriminatory treatment.

**F. Prior ESSER Analyst, Comparator Evidence, and Pattern of Disparate Treatment**

31. The ESSER-funded Budget Analyst role previously was held by another Black female employee who later transitioned into a non-ESSER Budget Analyst IV position before ultimately separating from Defendant.

32. Defendant omitted this prior ESSER analyst's experience from its explanations and position statements, despite its relevance to the treatment of ESSER-funded roles and advancement opportunities.

33. The omission of this comparator evidence supports an inference that Defendant's proffered explanation regarding ESSER funding was inconsistent with its actual practices and conceals a broader pattern of disparate treatment affecting Black female employees in budget analyst roles.

34. Taken together, Defendant's handling of ESSER-funded positions including selective retention, continued performance of Plaintiff's duties, and disparate advancement opportunities supports a reasonable inference that ESSER funding was used as a post hoc justification rather than a legitimate, non-discriminatory reason for the adverse actions taken against Plaintiff.

**G. Removal of Duties, Denial of Opportunity, and Pretextual Non-Selection**

35. Among the core budgetary functions associated with Plaintiff's role was Time and Effort reporting, a high-level and mission-critical compliance function.

36. Plaintiff was not provided the opportunity to perform Time and Effort duties during her employment, despite possessing more than five (5) years of prior Time and Effort experience acquired through work at Austin Independent School District ("AISD") and in state and federal government departments.

37. Defendant withheld Time and Effort responsibilities from Plaintiff from the outset of her employment.

38. Defendant later cited Plaintiff's alleged or perceived incompetence as a basis for denying advancement and equitable treatment, even though Plaintiff had never been permitted to perform the very duties used to justify that perception.

39. Defendant subsequently created a Budget Analyst IV position specifically assigned to Time and Effort functions and selected another individual for that role, despite Plaintiff having interviewed for the position and possessing substantial, directly relevant prior experience.

40. Defendant did not provide Plaintiff with a reasonable, documented, or contemporaneous explanation for these actions.

**H. Harm to Plaintiff**

41. Plaintiff suffered lost wages, benefits, emotional distress, and required therapy.

42. Defendant acted intentionally and with reckless disregard.

## IV. CAUSES OF ACTION

### Count I – Title VII Discrimination

43. Defendant discriminated on the basis of race and sex.

### Count II – Equal Pay Act

44. Defendant violated 29 U.S.C. § 206(d).

### Count III – ADEA

45. Defendant discriminated on the basis of age.

### Count IV – Retaliation

46. Defendant retaliated against Plaintiff for protected activity.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

**A. Declare Defendant's actions unlawful;**

**B. Award back pay, front pay, and lost benefits;**

**C. Award compensatory and liquidated damages as permitted by law;**

**D. Award reasonable attorney's fees and costs, including fees previously incurred and paid, fees currently owed, and reasonable attorney's fees incurred in securing new counsel;**

**E. Award pre-and post-judgment interest;**

**F. Grant injunctive and equitable relief; and**

**G. Grant all other relief the Court deems just and proper.**

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: 12/22/25

Janet Marie Logan
613 Briggs Street
Lampasas, TX 76550
(512) 698-3753
Pro se Plaintiff

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**JANET MARIE LOGAN**

v.

**Civil Action Number:**
(Supplied _____ by Clerk's Office)

**1:25 CV02107** ADA

**TEXAS EDUCATION AGENCY**

## EEOC COMPLAINT

1.  This action is brought by **JANET MARIE LOGAN**, Plaintiff, pursuant to the following selected jurisdiction:

**(Please select the applicable jurisdiction)**

[ **X** ] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.) Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

[ **X** ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[ ] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[ **X** ] The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[ ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

2.  Defendant **TEXAS EDUCATION AGENCY** lives at, or its business is located at **1701 N. Congress Avenue, Austin, TX 78701**

    3a. Plaintiff sought employment from the defendant or was employed by the defendant at **1701 N. Congress Avenue, Austin, TX 78701**.

    3b.  At all relevant times of claim of discrimination, Defendant employed

**Rev. Ed. October 26, 2017**

1000(+) employees.  If defendant is a union, at all relevant times of claim of discrimination, Defendant had (#) members.

4.  Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint.  Plaintiff was subjected to unequal pay beginning at the start of her employment under Defendant's classification-based compensation system, although Plaintiff did not discover the pay disparity until on or about February 26, 2024.

    If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts: on or about  February 26, 2024 through the termination/non-retention of Plaintiff's employment, with related retaliation effects continuing thereafter.

5.  Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about July 7, 2024.  (Not applicable to federal civil service employees).

6a.    The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on September 30, 2025.  (Not applicable to ADEA and EPA claims or federal civil service employees).

**VERY IMPORTANT NOTE:**        **PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.**

6b. Please indicate below if the E.E.O.C issued a **Determination** in your case:

[X] Yes
[  ] No

**VERY IMPORTANT NOTE:**        **IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT**

7. Because of plaintiff's:

**(Please select the applicable allegation(s))**

[ X ] Race (African American)

[ X ] Color (Black)
[ X ] Sex (Female)
[    ] Religion (If applicable, state religion)

**Rev. Ed. October 26, 2017**

[   ] National Origin (If applicable, state national origin)

[ X ] Age (If applicable, state date of birth)

[   ] Disability (If applicable, state disability)

[ X ] Prior complaint of discrimination or opposition to acts of discrimination.
    (Retaliation) (If applicable, explain events of retaliation)

    The defendant:  **(please select all that apply)**

[   ] failed to employ plaintiff.

[   ] terminated plaintiff's employment.

[ X ] failed to promote plaintiff.

[ X ] harassed plaintiff.

[ X ]  other (specify)
    (inequitable pay, retaliation)

8a. State **specifically** the circumstances under which defendant, its agent, or employees discriminated against plaintiff **PERSONALLY**:
**VERY IMPORTANT NOTE:**        **INCLUDE SPECIFIC DATES, SPECIFIC EVENTS,**
                               **AND ANY SPECIFIC COMMENTS MADE BY**
                               **DEFENDANT PERTAINING TO THE**
                               **DISCRIMINATION CLAIM ALLEGED ABOVE.**
 Plaintiff was subjected to unequal pay beginning at or near the start of her employment under Defendant's Classification-based compensation system.   Plaintiff discovered the salary disparity and raised concerns internally, and on February 26, 2024, she engaged in protected activity by filing a formal grievance with Human Resources.  Following this protected activity, Plaintiff experienced retaliation, including heightened scrutiny, denial of advancement opportunities, and non-renewal and separation from employment, despite continued funding of ESSER-funded positions whose work required Budget review and approval and involve substantially similar budgetary subject matter, and the redistribution of Plaintiff's ESSER duties after her departure. The adverse actions occurred within weeks and months following Plaintiff's protected activity, establishing a temporal nexus between the protected conduct and retaliatory acts.

The EEOC investigation remained pending through 2025, culminating in issuance of the Notice of Right to Sue on September 30, 2025.
8b. List any **witnesses** who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

Witnesses including but limited to: supervisors, and management officials with direct knowledge of Plaintiff's job classification, compensation structure, performance evaluations, protected activity, and retaliatory actions, including denial of promotion and retention.

8c. List any **documentation** that would support plaintiff's allegations and explain what the documents will prove:

Supporting documentation includes comparative pay data, classification records, performance evaluations, internal communications, internal complaints, EEOC filings and determinations, and related correspondence, which demonstrate Plaintiff's compensation disparity, qualifications for her position, protected activity, adverse employment actions, retaliatory motive, and resulting damages, including emotional distress.

9.The above acts or omissions set forth in paragraphs 7 and 8 are:

[  ] still being committed by defendant.
[X] no longer being committed by defendant.

10. Plaintiff attaches a copy of the EEOC charge.

WHEREFORE, Plaintiff prays that the Court grant appropriate relief including back pay, reinstatement to Plaintiff's former position or equivalent permanent position for which Plaintiff is qualified, at the proper classification and pay, or in the alternative, front pay in lieu of reinstatement, with restoration of lost wages, benefits, seniority, and retirement contributions.  Compensatory damages, injunctive relief, costs, and attorney's fees - prior attorney's fees, paid and owed, and attorney's fees should Plaintiff retain counsel.

[  ] Defendant be directed to employ plaintiff.

[ X ] Defendant be directed to re-employ plaintiff.

[  ] Defendant be directed to promote plaintiff.

[  ] Defendant be directed to:

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Date: 12/22/25

Janet Marie Logan
613 Briggs Street
Lampasas, TX 76550
(512) 698-3753

Rev. Ed. October 26, 2017