# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **JANET MARIE LOGAN,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:25-CV-2107-ADA-DH** |
| | § | |
| **TEXAS EDUCATION AGENCY,** | § | |
| *Defendant* | § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ALAN D. ALBRIGHT
         UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Janet Marie Logan's application to proceed *in forma pauperis*. Dkt. 2. Because Logan is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

### I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Logan's financial affidavit and determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Logan's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving

security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Logan is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Logan's claims for violation of the Equal Pay Act ("EPA"), sex discrimination brought under Title VII, and age discrimination brought under the Age Discrimination in Employment Act ("ADEA") be dismissed but finds that her Title VII race discrimination and retaliation claims should be allowed to proceed.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Logan has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review her complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

2

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Logan, a Black woman, worked for Defendant Texas Education Agency ("TEA") as a budget analyst. Dkt. 1, at 1. She alleges that she learned that she was "paid below the appropriate pay range" for her position, that other non-Black employees in the same position were "hired at higher rates of pay" than her, and that she was "underpaid compared to similarly situated employees." *Id.* at 2. She also claims that she was denied promotions, despite being qualified, which instead went to non-Black candidates. *Id.* Logan ultimately left her position at TEA, after she raised her concerns with her employer and TEA told her that funding for Logan's position had expired. *Id.* at 2-3. Based on this differential treatment, Logan brings claims for sex and race discrimination, as well as retaliation, in violation of Title VII; violations of EPA; and age discrimination in violation of the ADEA. *Id.* at 4. The undersigned finds that Logan has not stated a claim for sex discrimination under Title VII, or any claims for violations of the EPA or ADEA but has stated non-frivolous claims for race discrimination and retaliation under Title VII.

First, Logan has failed to plead sufficient facts in support of her sex-discrimination claim. To establish a prima facie claim of sex discrimination under Title VII, Logan must show that she was "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005). In support of her sex-discrimination claim, Logan alleges only that she is a woman and that TEA "discriminated on the basis of … sex." Dkt. 1, at 1, 4; 1-3, at 2 (alleging in charge of discrimination that "Logan concluded that the difference between herself and her colleagues was that she was a black woman nearing retirement age"). Such conclusory assertions are insufficient to state a claim for sex discrimination in violation of Title VII. *McDonald v. Exxonmobil Chem. Co.*, No. CIV.A. H-00-4172, 2002 WL 47973, at *3 (S.D. Tex. Jan. 9, 2002), *aff'd*, 48 F. App'x 917 (5th Cir. 2002) ("Unsubstantiated allegations and conclusory statements are insufficient to support a claim of discrimination." (citing *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 139 (5th Cir. 1996))); *English v. Perdue*, 777 F. App'x 94, 100 (5th Cir. 2019) ("That another employee was treated better and given more opportunities does not become actionable under federal law just because she was female.... More is needed to raise [plaintiff's] claims above a speculative level."). The undersigned will recommend that the District Judge dismiss Logan's sex-discrimination claim as frivolous.

Logan's EPA claim fails for the same reason. The EPA proscribes pay inequities between employees of opposite sexes "for equal work on jobs the

performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions," except under certain enumerated exceptions. 29 U.S.C. § 206(d)(1). To establish a prima facie case of discrimination under the EPA, a plaintiff must show that "(1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison." *Badgerow v. REJ Properties, Inc.*, 974 F.3d 610, 617 (5th Cir. 2020) (quoting *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993)). Here, Logan alleges only that she was paid less than "[n]on-Black Budget Analyst IV employees," not that men were paid more than her; in fact, she references other non-Black women who were paid more than her despite holding the same or inferior positions. Dkts. 1, at 2; 1-3, at 2; *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 506 (5th Cir. 2024) (affirming district court's determination that plaintiff's "Equal Pay Act claim fail[ed] as a matter of law because he has not alleged sex discrimination"). Logan's EPA claim should be dismissed.

Logan's age-discrimination claim brought under the ADEA is also frivolous because TEA, as an agency of the State of Texas, is entitled to sovereign immunity on this claim. *Ross v. Texas Educ. Agency*, 409 F. App'x 765, 769 (5th Cir. 2011) (recognizing that TEA is a state agency). "[A]bsent waiver by the State or valid congressional override," the doctrine of sovereign immunity "bars a damages action against a State [or one of its agencies] in federal court." *Cooley v. Miss. Dep't of Transp.*, 96 F. Supp. 2d 565, 566 (S.D. Miss. 2000) (citing *Kentucky v. Graham*, 473

U.S. 159, 169 (1985)). The ADEA makes it unlawful for an employer "to ... refuse to hire or to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). In *Kimel v. Florida Board of Regents*, the Supreme Court held that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." 528 U.S. 62, 91 (2000). Nor has Texas waived its immunity from ADEA claims. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("[N]either Congress nor Texas have waived Texas's sovereign immunity from ADEA claims[.]"). Logan's ADEA claim against the TEA should be dismissed.

Logan has, however, stated non-frivolous claims for race discrimination and retaliation under Title VII.[1] To establish a prima facie claim of race discrimination under Title VII, Logan must show that she was: "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." *Abarca*, 404 F.3d at 941. While Logan "need not establish or explicitly plead each element" of a prima facie case of race discrimination, she still must "plead sufficient facts on all of the ultimate elements of [her] claim to make h[er] case plausible." *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017). The "'ultimate question' in a Title VII disparate treatment claim remains 'whether a defendant took the adverse employment action against a plaintiff because of her protected status.'" *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004)).

---

[1] Logan filed this lawsuit within 90 days of receiving a right-to-sue letter from the U.S. Equal Employment Opportunity Commission. Dkts. 1; 1-4.

Here, Logan has sufficiently stated a non-frivolous race-discrimination claim by pleading that she was treated less favorably than similarly-situated non-Black employees in the form of less pay and fewer opportunities for advancement; tellingly, the TEA raised Logan's salary slightly (before telling her that funding had expired for her position) after she complained that non-Black employees at the same or lower position levels were paid significantly more than her. Dkts. 1, at 2-3; 1-3, at 2; *Clarke-Smith v. Bus. Partners in Healthcare, LLC*, No. 3:14-CV-2732-M, 2016 WL 279094, at *5 (N.D. Tex. Jan. 22, 2016) ("When an employer treats employees of one race more favorably than similarly situated employees of another race under circumstances that are essentially identical, a presumption of discriminatory intent arises."); *see also Dantzler v. City of Hammond*, No. CIV.A. 00-0446, 2001 WL 36410492, at *6 (E.D. La. Nov. 8, 2001), *aff'd sub nom. Dantzler v. City of Hammond, La.*, 54 F. App'x 414 (5th Cir. 2002) ("[P]laintiff may establish a prima facie case by showing that his employer treated similarly situated individuals of a different race more favorably than it treated him.").

To state a claim for retaliation in violation of Title VII, Logan must show that: (1) she engaged in activity protected by Title VII; (2) the defendant took adverse action against her; and (3) a causal connection exists between the protected activity and the adverse action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). A plaintiff need not submit evidence to establish a prima facie case at the pleading stage; to survive a motion to dismiss, a plaintiff need only "plausibly allege facts going to the ultimate elements of the claim." *Id.* Logan has sufficiently stated a

claim for retaliation by alleging that she raised concerns about the pay disparity between her and non-Black employees, and in response, her employer informed her that funding had expired for her position despite retaining non-Black employees whose positions were funded through the same source. Dkts. 1, at 2-3; 1-3, at 1-2; *Wright*, 990 F.3d at 433.

### III.   ORDERS AND RECOMMENDATION

The undersigned **GRANTS** Logan's application to proceed *in forma pauperis*. Dkt. 2. Because the undersigned finds that Logan's Title VII race-discrimination and retaliation claims should not be dismissed as frivolous at this time, the Court **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Logan's complaint upon the named Defendant under Rules 4 and 5 of the Federal Rules of Civil Procedure.

The undersigned **RECOMMENDS** the District Judge **DISMISS** Logan's Title VII sex-discrimination, EPA, and ADEA claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court **FINALLY ORDERS** that Logan's motion to appoint counsel, Dkt. 3, is **DENIED** without prejudice. Apart from listing the efforts Logan has made to obtain counsel, she offers no argument demonstrating that "exceptional circumstances" merit the appointment of counsel at this time. Dkt. 3, at 4; *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("[A] 'trial court is not required to appoint counsel ... unless the case presents exceptional circumstances.'" (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Moreover, having considered

the factors relevant to Logan's request, the Court finds that they do not weigh in favor of appointment of counsel at this time. *Ulmer*, 691 F.2d at 213 (outlining the factors relevant to determining whether exceptional circumstances warrant the appointment of counsel).

## IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 11, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE