**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JANET MARIE LOGAN,** *Plaintiff* | § § | |
| **v.** | § § | **No. 1:25-CV-2107-ADA** |
| **TEXAS EDUCATION AGENCY,** *Defendant* | § § § | |

**ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Texas Education Agency's ("TEA") partial motion to dismiss, Dkt. 23, Plaintiff Janet Marie Logan's motion to file a limited sur-reply, Dkt. 26, and all related briefing. After reviewing these filings and the relevant case law, the undersigned grants Logan's motion to file a limited sur-reply, Dkt. 26, and recommends that the District Judge grant in part and deny in part TEA's partial motion to dismiss, Dkt. 23.

## I. BACKGROUND

Plaintiff Janet Marie Logan, proceeding pro se, brings this lawsuit under Title VII of the Civil Rights Act of 1964 based on the alleged discrimination and retaliation she faced while employed by TEA. Dkt. 21, at 3. Logan, who is Black, alleges that while working as a budget analyst, she discovered that her salary was significantly lower than other budget analysts who were not Black. *Id.* at 5. After raising this concern with TEA, the agency raised her salary but still did not pay her as much as

non-Black budget analysts, who were also offered "advancement opportunities" and "position transitions" that were not offered to Logan. *Id.* at 5-6. Logan alleges that after she filed a formal, internal complaint, TEA began retaliating against her by subjecting her "to materially different treatment, including increased scrutiny, negative documentation, altered work assignments, and diminished opportunities." *Id.* at 7.

Logan then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination and retaliation based on the alleged race-based pay disparities and her complaints against such a practice. Dkts. 21, at 7; 1-3 (charge of discrimination).[1] TEA "separated" Logan from her employment a few months later, citing budgetary issues. Dkt. 21, at 7-8. During the EEOC's administrative process, Logan's former counsel sent the EEOC a rebuttal letter, responding to TEA's position statement, detailing how TEA's decision not to retain Logan as an employee after the expiration of her two-year term of employment constituted unlawful retaliation in violation of Title VII. Dkt. 24-1, at 4, 7-8. Logan now brings claims against TEA under Title VII for discrimination and retaliation. Dkt. 21, at 9. Logan included her "separation from employment" at TEA as one of the factual bases for her claims. *Id.*

[1] Courts "may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion." *Prewitt v. Cont'l Automotive*, 927 F. Supp. 2d 435, 447 (W.D. Tex. 2013); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011) ("[T]he district court's application of judicial notice [to public records] did not transform the motion to dismiss into a motion for summary judgment.").

TEA moves to partially dismiss Logan's claims, asserting that Logan failed to exhaust her claims to the extent they arise from TEA's decision not to retain her as an employee following the expiration of her two-year term. *See* Dkt. 23. Logan opposes the motion, arguing that the rebuttal letter her counsel submitted to the EEOC in response to TEA's position letter served to amend her charge to include the separation. *See* Dkt. 24. In reply, TEA insists that the rebuttal letter could not amend Logan's charge and that even if it could have acted as an amendment, it still did not exhaust her claims to the extent they arise from her separation. *See* Dkt. 25. Logan sought leave to file a limited sur-reply, Dkt. 26, to which TEA filed no response.[2]

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when

[2] The undersigned will exercise his discretion to grant Logan's motion for leave to file a sur-reply, Dkt. 26, especially in light of the arguments TEA raised for the first time in its reply and Logan's pro se status. Dkt. 25, at 3 (arguing for first time in its reply that "even if rebuttal letter were an amendment, it did not exhaust the separation"); *Glob. Tubing, LLC v. Tenaris Coiled Tubes, LLC*, 621 F. Supp. 3d 757, 760 n.2 (S.D. Tex. 2022) (explaining that "[t]he Court may grant motions for leave to file a sur-reply in the exercise of its sound discretion" where a reply "raise[s] new issues not previously raised in" the original motion).

assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a Rule 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

TEA moves to dismiss Logan's discrimination and retaliation claims "to the extent they are premised on her September 30, 2024, separation from employment" because Logan did not separately exhaust her administrative remedies as to that "discrete employment action." Dkt. 23, at 3-5. Logan responds that her former counsel's submission of a written rebuttal during the administrative proceedings that detailed the separation served to amend her existing EEOC charge to include the separation as a basis for her claims. Dkt. 24, at 3-6. In reply, TEA insists that Logan failed to exhaust her administrative remedies as to any claims arising from TEA's decision not to renew her term of employment. Dkt. 25, at 1-4.

Before filing a lawsuit under Title VII, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC within 180 days of the discriminatory action. 42 U.S.C. § 2000e-5(e)(1). A party may amend their charge after filing it "to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(b). "Termination is a discrete event for which a claimant must file a supplemental charge or amend the original EEOC charge." *Phillips v. Caris Life Scis., Inc.*, 715 F. App'x 365, 369 (5th Cir. 2017) (citing *Simmons-Myers v. Caesars Ent. Corp.*, 515 F. App'x 269, 273 (5th Cir. 2013); *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577-78 (5th Cir. 1993)). "[T]he scope of an EEOC complaint should be construed liberally" and extends as far as any EEOC investigation that could "reasonably grow out of the" charge. *Pacheco v.*

*Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970)).

Here, Logan's EEOC charge was filed before her separation and therefore did not include it. Dkt. 1-3. Logan does not dispute that she did not formally supplement or amend her initial charge to include the separation. *See* Dkt. 24. Instead, she argues that her prior counsel's detailing of TEA's decision not to renew her employment in a letter submitted to the EEOC in response to TEA's position statement amended her charge to include the separation. *Id.* at 3-5. In her rebuttal letter, Logan's counsel referred to TEA's decision to not rehire Logan after her term expired and explained why such a decision was retaliation for Logan's opposition to alleged race-based discrimination at TEA. Dkt. 24-1, at 4 (rebuttal letter stating that "[m]ore recently, Ms. Logan was told that TEA would not retain her past her two-year term, which ended on September 30, 2024"), 7-8 (explaining why TEA's decision not to rehire Logan after her term expired constituted retaliation in violation of Title VII based on Logan's reports of race-based pay disparities at TEA).

The Fifth Circuit has recognized that a document other than a formal EEOC charging document "may qualify as a charge if it satisfies the EEOC's charge-filing requirements, and if it can 'be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.'" *Equal Emp. Opportunity Comm'n v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753-54 (5th Cir. 2020); *see also McCormick v. Union Pac. Corp.*, No. 19-CV-0709, 2019 WL 13292980, at *2 (W.D. La. Sept. 26,

2019) ("[T]he scope of a charge may be enlarged by an intake questionnaire, amended charge, or other material provided to the EEOC." (citing *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017))). In addition, several district courts—in this Circuit and beyond—have found claims exhausted where they were not included in the EEOC charge but were raised in a rebuttal letter submitted to the EEOC. *See, e.g.*, *Huda v. Lockheed Martin*, No. CIV. A. 07-9090, 2008 WL 191300, at *3 (E.D. La. Jan. 22, 2008) (finding failure-to-promote claim exhausted based on rebuttal letter detailing facts of this claim because "a reasonable EEOC investigation would have reached this claim"); *Hoyt v. Arizona Bd. of Regents*, No. CV-25-01807-PHX-DWL, 2026 WL 160870, at *6 (D. Ariz. Jan. 21, 2026) ("These references [to disability discrimination] raise at least an inference that the EEOC's investigation ultimately expanded beyond the allegations of accommodation addressed in Plaintiff's charge to encompass the allegations of discrimination set forth in the rebuttal letter."); *Waithe v. Cardinal Cushing Centers, Inc.*, 800 F. Supp. 3d 217, 225 (D. Mass. 2025) ("The Court will also consider as exhausted [plaintiff]'s claim of retaliation under Title VII because, although not alleged in the initial charge, it was included in [plaintiff]'s rebuttal to [defendant]'s position statement.").[3]

Here, Logan's rebuttal letter served to amend her initial EEOC charge as to her retaliation claim arising from TEA's decision not to rehire her but not as to any discrimination claim arising from the separation. Initially, TEA does not contest that

[3] TEA identified no authority to the contrary. *See* Dkts. 23; 25.

Logan's rebuttal letter met the EEOC's charge-filing requirements. *See* Dkts. 23; 25; *McLeod v. Floor & Decor Outlets of Am., Inc.*, No. 3:20-CV-03134-E, 2021 WL 2515750, at *2 (N.D. Tex. June 18, 2021) ("An EEOC charge must be in writing and be signed and verified."). While Logan's rebuttal letter recounts how TEA's decision not to rehire Logan was in retaliation for her complaints of race-based pay disparities at TEA, it does not suggest the separation constituted race-based discrimination. Dkt. 24-1, at 7-8; *Phillips*, 715 F. App'x at 368 (finding sex-discrimination claim unexhausted where it was not included in "letter submitted to the EEOC by [plaintiff's] former attorney"). In addition, the rebuttal letter's section alleging that "TEA retaliated against Ms. Logan by … declining to hire her for a permanent position" can also reasonably be construed as a request for the EEOC to take remedial action based on the separation. Dkt. 24-1, at 7-8; *Vantage*, 954 F.3d at 753-54.[4] The undersigned thus finds that Logan's Title VII retaliation claim based on TEA's decision not to rehire her was properly exhausted through her rebuttal letter, though her discrimination claim—to the extent it arises from the separation—was not.

## IV. ORDER AND RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART** and **DENY IN PART**

---

[4] The undersigned briefly notes that TEA's argument, raised for the first time in its reply, that the separation does not "relate back" to Logan's original charge lacks merit. Dkt. 25, at 3. The rebuttal letter links the separation to Logan's allegation that TEA retaliated against her because she complained of race-based pay disparities at TEA, which is the "subject matter of the original charge." 29 C.F.R. § 1601.12(b) (explaining that "amendments alleging additional acts which constitute unlawful employment practices related to or growing out of *the subject matter of the original charge* will relate back to the date the charge was first received" (emphasis added)).

TEA's partial motion to dismiss, Dkt. 23, and dismiss with prejudice Logan's Title VII discrimination claim to the extent it arises from her separation of employment from TEA.[5] TEA's motion should be denied as to Logan's Title VII retaliation claim as it arises from her separation from TEA.

**IT IS ORDERED** that Logan's motion to file a limited sur-reply, Dkt. 26, is **GRANTED**.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

[5] The undersigned notes for clarity that TEA did not seek dismissal of Logan's Title VII discrimination claim arising from events that occurred before the end of Logan's employment at TEA. *See* Dkt. 23.

SIGNED November 3, 2026.



DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE